**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DANNY RAY CAMPBELL,

      Defendant - Appellant.

No. 03-8069

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 02-CR-193-D)**

**Submitted on the briefs:**[*]

Mary M. Dunn, Casper, Wyoming, for Defendant-Appellant.

Matthew H. Mead, United States Attorney, and David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Danny Ray Campbell ("Defendant") pled guilty to the charge of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Although one of the eight rifles recovered from Defendant's residence was not listed in the indictment for this count, the district court included it as relevant conduct in sentencing and enhanced Defendant's sentence by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(1)(B) (8-24 firearms). Defendant argued at his sentencing hearing that the uncharged rifle could not be included as relevant conduct for sentencing because the government had not proven that it had been in interstate commerce. The district court decided that there was no need for the government to prove an interstate nexus, relying instead on the government's argument that Defendant was a "prohibited person" whose possession of any firearms brought him into the reach of the § 2K2.1(b)(1) enhancement.

Defendant appeals this enhancement, and the government candidly admits its error below. The government now agrees with Defendant that the district court committed legal error when it failed to require an interstate nexus before applying the 4-level enhancement. It also agrees that the current record cannot support the finding of such a nexus. We thus REVERSE and REMAND for resentencing.

## BACKGROUND

While Defendant was serving a term of supervised released in connection with a prior federal controlled substances conviction in Texas, agents from the United States Bureau of Alcohol, Tobacco and Firearms executed a search warrant of Defendant's residence in Lance Creek, Wyoming (PSR, para. 5, at 3-4) and discovered eight firearms. (PSR, para. 6, at 4.) Based on the discovery and seizure of these weapons, Defendant was indicted by a grand jury and charged with two violations of federal law. In Count One, Defendant was charged with being a convicted felon in possession of firearms which had previously traveled in and affected interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The specific firearms alleged in Count One did not include a Marlin rifle or a sawed-off Winchester shotgun, both of which had been seized from Defendant's residence. Count Two charged Defendant with unlawfully possessing the sawed-off Winchester because it was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871.

Defendant reached a plea agreement with the United States pursuant to which he agreed to plead guilty to Count One in consideration for, among other things, the United States' agreement to dismiss Count Two at the time of sentencing. (ROA, Vol. 3 at 3.) During Defendant's plea colloquy, the district

court mistakenly included the Marlin rifle in the "statement of elements" that the government would have had to prove. (Id. at 15-16.)[1] After this colloquy, the pre-sentence report ("PSR") was completed that calculated Defendant's base offense level at 22 under U.S.S.G. §§ 2K2.1(a)(3). The PSR also proposed increasing Defendant's base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(1)(B) (8-24 firearms), based on Defendant's possession of eight firearms (including the Marlin rifle). After deducting three offense levels for Defendant's acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR concluded that Defendant's final offense level was 23. This offense level, when combined with Defendant's criminal history score of 9 points (which put him in criminal history category IV) resulted in the PSR's recommendation of a sentencing range of 70-87 months.

Defendant's principal objection to the PSR for purposes of the instant appeal challenged the PSR's proposed four-level increase under § 2K2.1(b)(1)(B). He argued that since he was only indicted for seven firearms, he should only be sentenced for seven firearms under § 2K2.1(b). This would result in a two

_____

[1]To the extent that the district court thought Defendant was pleading guilty to possession of the Marlin rifle, it committed plain error since the indictment did not include that firearm. Although Defendant raises this on appeal, we note that the government does not argue that he pled guilty to possession of this rifle and the district court later recognized the error in relying on the Marlin rifle only for purposes of "relevant conduct" sentencing calculations.

offense level reduction in his total offense level under § 2K2.1(b)(1)(A) (3-7 firearms).

At the sentencing hearing, the court recognized that the indictment did not include the Marlin rifle, but insisted on including it in its sentencing calculations as "relevant conduct" under U.S.S.G. § 1B1.3. (ROA, Vol. IV at 4-8.) During this hearing, Defendant raised the argument that the government had not proven that the uncharged eighth firearm (the Marlin) had been in interstate commerce and thus could not be counted at all under § 2K2.1(b)(1). (Id.) Instead of requesting a continuance to garner the requisite evidence, the government argued that there was no need for it to prove any interstate nexus. (Id.) The district court agreed and imposed the sentence as recommended by the PSR (including the four-level enhancement for Defendant's possession of all eight firearms). (ROA, Vol. V at 14-18.) The district court stated that "a felon in possession of a firearm under 922(g)(1) and 924(a)(2) does not include as an essential element of the crime that there's an interstate nexus with the gun. He merely has to be a person who is a prohibited person who is in possession of a firearm." (ROA, Vol. IV at 4-8.) Defendant was ultimately sentenced to 70 months' imprisonment. (ROA, Vol. V., at 30.)

**DISCUSSION**

**Standard of Review**:

We review the district court's interpretation of the sentencing guidelines de novo, as it presents a legal question. United States v. Plotts, 347 F.3d 873, 875 (10th Cir. 2003).

**Analysis**:

In determining that the uncharged Marlin rifle should be counted as "relevant conduct" for the purposes of the § 2K2.1(b)(1) four-level enhancement, the district court ruled that so long as Defendant was a "prohibited person" under 18 U.S.C. § 922(g), his possession of any firearm was unlawful, regardless of whether that firearm had previously affected interstate commerce. As the government now concedes, the district court's interpretation of the sentencing guidelines was in error.

Section 2K2.1(b) provides that if the offense involved three or more firearms, the court should increase the defendant's offense level in accordance with a table which provides for a graduated increase in the number of additional levels depending upon how many additional firearms were involved. If the defendant's offense involved from 3 to 7 firearms, two levels should be added. U.S.S.G. § 2K2.1(b)(1)(A). If the offense involved from 8 to 24 firearms, four

levels are to be added.  U.S.S.G. § 2K2.1(b)(1)(B).  In the instant case, the question of whether two levels, instead of four levels, should have been added depends on whether the eighth firearm, the uncharged Marlin rifle, should have been included as relevant conduct under § 2K2.1(b)(1).

Application Note 9 to § 2K2.1 provides that, in assessing enhancements under this guideline, courts must only count those firearms "that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer."  Thus, the relevant question is whether Defendant's possession of the Marlin rifle was indeed unlawful.

Section 922(g)(1) makes it an offense for any person who has previously been convicted of a felony to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).  One essential element for establishing this offense is proof that the firearm was at some point transported in interstate or foreign commerce.  Scarborough v. United States, 431 U.S. 563, 575-77 (1977); United States v. Dorris, 236 F.3d 582, 586 (10th Cir. 2000) ("Section 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade.").

Therefore, as the government now concedes, as far as the eighth firearm was concerned, "Defendant's possession of it cannot have been unlawful under § 922(g)(1) unless the government proved that, at some point prior to the Defendant's possession of it, it had traveled in interstate commerce." (Aple. Br. at 23.)  The government also concedes that it "never either alleged or proved that this Marlin .22 caliber rifle had ever traveled in interstate commerce prior to the Defendant's possession of it." (Id.)  We conclude that the district court erred in finding the Marlin rifle to count as relevant conduct under § 2K2.1(b)(1)(B) on the basis that it was possessed in violation of federal law.[2]  Accordingly, we REVERSE and REMAND for resentencing.

The government requests that we remand for de novo resentencing so that it can provide new evidence to show the requisite interstate nexus for the eighth rifle.  Although the general rule is that a remand for resentencing allows the district court to conduct a de novo review, see United States v. Keifer, 198 F.3d

---

[2]The government also concedes that it failed to prove that Defendant possessed the Marlin in violation of state law, since Wyoming law only forbids persons with prior "violent felony" convictions from possessing firearms.  (Aple. Br. at 24, citing Wyo. Stat. Ann. § 6-1-104(xii) (2003)).  Defendant's criminal history reveals no convictions for any "violent felonies" under Wyoming law. (Id.)

The government further agrees that we cannot find Defendant's possession of the Marlin to be in violation of any probation conditions because those conditions are not part of the record before us.  (Aple. Br. at 25.)

798, 801 (10th Cir. 1999), we exercise our discretion in the instant case under 18 U.S.C. § 3742(f)(1) and limit our remand to the record as it now stands.

"Under well-established Tenth Circuit precedent, the government has the burden of proving sentence enhancements and increases." Id. at 800; see also United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir. 2003) (recognizing that government bears burden of proving sentencing enhancements). The government failed to meet its burden of proof on the clearly established element of interstate nexus, and we decline to give it a second bite at the apple. See United States v. Noble, 367 F.3d 681, 682 (7th Cir. 2004); United States v. Poor Bear, 359 F.3d 1038, 1043-44 (8th Cir. 2004) (discussing United States v. Hudson, 129 F.3d 994, 995 (8th Cir. 1997)). Although Defendant alerted the government to the deficiency in its evidence,[3] the government did not seek to cure the deficiency, and instead made patently erroneous legal arguments as to why such proof was not needed. Our reversal and remand for resentencing here "does not invite an open season for the government to make the record that it failed to make in the first instance." United States v. Torres, 182 F.3d 1156, 1164 (10th Cir. 1999).

---

[3]It is true that Defendant did not raise the "interstate nexus" argument until his sentencing hearing, but the government could have sought a continuance at that point and failed to do so. Although a defendant's failure to object to facts in a PSR deems such facts admitted, United States v. Green, 175 F.3d 822, 838 (10th Cir. 1999), the PSR in the instant case did not state that the Marlin rifle had been in interstate commerce and thus Defendant never admitted that crucial fact.

**CONCLUSION**

For the foregoing reasons, we REVERSE and REMAND for resentencing on the record as it now stands.[4]

---

[4]Because we hold that the district court erred in including the Marlin rifle as relevant conduct for sentencing, we need not address Defendant's argument (first raised on appeal) that the Marlin lacked firing capability and thus lacked "firearm" status under the guidelines.