# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

SHANNON FORSYTHE,

        Defendant-Appellant.

No. 04-1541

---

## ORDER
Filed February 15, 2006

---

Appellant's motion to publish the order and judgment filed December 23, 2005, is granted. The opinion is hereby filed as amended by the court, and is attached to this order.

                    Entered for the Court
                    Elisabeth A. Shumaker, Clerk of Court


                    By:
                        Amy Frazier
                        Deputy Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHANNON FORSYTHE,

Defendant-Appellant.

No. 04-1541

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 04-CR-00252-WDM)**

Submitted on the brief:[*]

Edward A. Pluss, Assistant Federal Public Defender, (Raymond P. Moore, Federal Public Defender, with him on the brief), Denver, Colorado, for Defendant-Appellant.

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Shannon Forsythe pleaded guilty in 2004 to possession of a weapon by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Seven years earlier, he had entered a plea of guilty to third-degree burglary under New Jersey law. During sentencing on the 2004 possession charge, a question arose as to whether his prior conviction was for burglary of a dwelling, and therefore constituted a "crime of violence," as defined in § 4B1.2(a) of the United States Sentencing Guidelines. Relying on a preliminary complaint, the government asserted that Mr. Forsythe had burglarized a residence and therefore should be subjected to the higher guidelines range. The district court accepted the government's argument and sentenced Mr. Forsythe to 51 months' imprisonment. Mr. Forsythe appeals. We **REVERSE** and **REMAND** to the district court with instructions to vacate his sentence and impose a new sentence in accordance with this opinion.

## I. Background

During the 2004 plea negotiations, Mr. Forsythe acknowledged his prior burglary conviction, but informed the prosecutor that he did not believe that it constituted a "crime of violence" because it did not involve the burglary of a dwelling. The parties negotiated a plea agreement contemplating a guideline base offense level of 14, the offense level for firearms defendants who have no prior convictions for crimes of violence. *See* U.S.S.G. 2K2.1(6). However, the

Presentence Investigation Report ("PSR") prepared after Mr. Forsythe entered his guilty plea indicated that his prior burglary conviction involved a dwelling, and therefore qualified as a crime of violence. This change in classification raised his base offense level from 14 to 20. Mr. Forsythe filed a written objection, arguing that his prior conviction was not a crime of violence because both the New Jersey statute and the charging documents were ambiguous as to whether the burglary was of a dwelling. The government acknowledged that the statute covered burglaries of both dwellings and non-dwellings, but argued that the Accusation and preliminary complaint established that the burglary was of a dwelling. The PSR also indicated that Mr. Forsythe qualified for a three-point reduction for acceptance of responsibility.

The district court held an initial sentencing hearing on November 23, 2004, at which it considered whether the 1997 conviction constituted a crime of violence. At the hearing, the government stated that if the district court found that the prior burglary conviction was a crime of violence, it would not file a motion requesting an additional one-level reduction for acceptance of responsibility. The government explained that it would not seek the additional reduction because by failing to disclose during plea negotiations that the burglary was of a dwelling, Mr. Forsythe had failed to ensure "the certainty of his just punishment in a timely manner." The court deferred ruling on the acceptance of

responsibility issue, but determined that Mr. Forsythe's prior burglary conviction involved a dwelling. In reaching that conclusion, the district court found that both the statute and the Accusation were ambiguous, but that the preliminary complaint, which stated that the burglary was of a residence, qualified as a charging document. Accordingly, the district court determined that Mr. Forsythe's base offense level was 20 and granted a continuance to address the additional one-point reduction for acceptance of responsibility.

The district court held a second sentencing hearing on December 9, 2004. At this hearing, Mr. Forsythe argued, among other things, that the government's denial of the third acceptance of responsibility point violated his Fifth Amendment right against self-incrimination. After requesting additional briefing on the Fifth Amendment issue, the district court held a final sentencing hearing at which it found that the Fifth Amendment was not implicated by attaching consequences to Mr. Forsythe's apparent misrepresentation. The district court further held that it could not authorize an additional reduction for acceptance of responsibility because the decision to make a reduction is left to the government. Finding that Mr. Forsythe's offense level was 18 after a two-level reduction for acceptance of responsibility, the district court sentenced him to 51 months' imprisonment. Mr. Forsythe now appeals his sentence.

## II. Discussion

Mr. Forsythe raises three claims on appeal. First, he claims that the district court erred in relying upon a preliminary complaint, containing allegations that he did not admit, to determine that his 1997 burglary conviction was of a dwelling, and therefore a crime of violence. Next, he claims that the district court erred in holding that it was precluded from awarding a third point reduction for acceptance of responsibility. Finally, he argues that, in light of *United States v. Booker*, 543 U.S. 220 (2005), the district court plainly erred in holding that the guideline provision requiring a government motion to award an additional point for acceptance of responsibility was mandatory.

The government has properly conceded that the district court erred in relying upon a preliminary complaint to classify Mr. Forsythe's prior burglary conviction as a crime of violence. To determine whether a prior conviction constitutes a crime of violence, we must use a "categorical approach," in which we look "only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). If the statute's language "is ambiguous or broad enough to encompass both violent and nonviolent crimes, a court may look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." *United States v. Vigil*, 334 F.3d 1215, 1217 (10th Cir. 2003). Although charging documents may be relevant in determining whether a

prior conviction was a crime of violence, "[t]he conduct of which the defendant *was convicted* [not charged] is the focus of the inquiry." *United States v. Bennett*, 108 F.3d 1315, 1317-18 (10th Cir. 1997) (emphasis and addition in original) (quoting U.S.S.G. Manual § 4B1.2, cmt. (n.2)). Thus, a district court may rely on a charging document only if the crime charged was the same crime for which the defendant was convicted. *See also Shepard v. United States*, 125 S. Ct. 1254, 1260-61 (2005) (finding that facts contained in a police report may not be considered to determine whether the elements of generic burglary are satisfied because they are not "records of the convicting court approaching the certainty of the record of conviction").

The New Jersey statute under which Mr. Forsythe pleaded guilty in 1997 provides:

> A person is guilty of burglary if, with purpose to commit an offense therein he:
> (1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to enter; or
> (2) Surreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so.

N.J.S.A. § 2C: 18-2. "Structure" is defined as "any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." *Id.* at 18-1. The New Jersey statute encompasses

burglaries of both dwellings and non-dwellings, and is therefore broad enough to encompass both violent and non-violent crimes. Neither the accusation nor the judgment clarifies whether Mr. Forsythe's prior conviction was for burglary of a dwelling. The only document that charges Mr. Forsythe with burglarizing a dwelling is the preliminary complaint, completed by a police officer. However, there is nothing in the record to indicate that Mr. Forsythe was convicted of the crime charged in the preliminary complaint. As the government concedes, there is no explanation why the formal charging document, to which Mr. Forsythe pleaded guilty, omitted that the burglary occurred at a dwelling. Without such information, the district court improperly considered the preliminary complaint to find that Mr. Forsythe's prior conviction was for a crime of violence. Accordingly, we reverse and remand for resentencing.

The government requests that we remand for de novo resentencing so that it can provide new evidence to demonstrate that Mr. Forsythe's prior burglary conviction was a crime of violence. Although a remand for resentencing generally allows the district court to conduct de novo review, *see United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999), we exercise our discretion under 18 U.S.C. § 3742(f)(1) and limit our remand to the record as it now stands. *See United States v. Campbell*, 372 F.3d 1179, 1183 (10th Cir. 2004). As this Court stated in *Campbell*:

Under well-established Tenth Circuit precedent, the government has the burden of proving sentence enhancements and increases. The government failed to meet its burden of proof on [a] clearly established element [required for the enhancement], and we decline to give it a second bite at the apple. Although Defendant alerted the government to the deficiency in its evidence, the government did not seek to cure the deficiency . . . . Our reversal and remand for resentencing here does not invite an open season for the government to make the record that it failed to make in the first instance.

*Id.* (internal quotation marks and citations omitted). The facts and reasoning in *Campbell* are applicable here and we exercise our discretion similarly.

Because we are remanding for resentencing, there is no reason to consider Mr. Forsythe's remaining two claims concerning the district court's failure to award a third-point reduction for acceptance of responsibility.

### III.  Conclusion

Accordingly, the sentence imposed by the United States District Court for the District of Colorado is REVERSED and the case is partially REMANDED for resentencing based on the record as it stands.