**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BALTAZAR AVILA-GONZALEZ,
also known as Fernando Ibarra
Martinez,

Defendant-Appellant.

No. 07-8048

(D. of Wyo.)

(D.C. No. 07-CR-00004-ABJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HOLLOWAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Baltazar Avila-Gonzalez was charged with being a previously deported

alien found in the United States without permission, in violation of 8 U.S.C.

§ 1326, and with being an illegal alien in possession of a firearm, in violation of

18 U.S.C. § 922(g). After pleading guilty to the first charge, he went to trial on

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the firearm possession charge. At trial, Avila-Gonzalez requested a jury instruction requiring the jury to find that the firearm he possessed had moved in interstate commerce as part of a commercial transaction. The district court denied the request, and Avila-Gonzalez was convicted by the jury.

On appeal, Avila-Gonzalez argues that the district court abused its discretion in rejecting the proposed jury instruction. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I.

The district court's refusal to give a jury instruction requested by the defendant is reviewed for abuse of discretion. *United States v. Moran*, 503 F.3d 1135, 1146 (10th Cir. 2007). We consider "the jury instructions de novo to determine whether, as a whole, they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *United States v. Crockett*, 435 F.3d 1305, 1314 (10th Cir. 2006). A defendant may request an instruction tailored to the evidence at trial and reflecting his "theory of the case," but only "if the instruction is a correct statement of the law." *Id.*

The sole issue on appeal is whether the district court committed legal error when instructing the jury regarding the interstate nexus requirement of § 922(g). Section 922(g) requires that the firearm "have been shipped or transported in

interstate or foreign commerce."[1]  Based on this language the district court

instructed the jury that

> The term "in or affecting interstate commerce" includes commerce between any place in a State and any place outside of that State.

> The government may meet its burden of proof on the question of being "in or affecting interstate commerce" by proving to you, beyond a reasonable doubt, that the firearm identified in the indictment had moved at some time from one state to another. The government is not required to prove that Mr. Avila-Gonzalez moved the firearm in interstate commerce.

R., Vol. I Doc. 46 (Instruction 25).

Avila-Gonzalez claims that the government must prove that the firearm

moved in interstate commerce in a "commercial transaction," a more specific

showing than the standard instructions provided by the district court: that the

firearm "moved at some time from one state to another"—regardless of the details

of movement.

In a lengthening series of cases, we have consistently held a § 922(g)

violation may be proven by showing that a firearm was manufactured in a state

outside the state of possession.  *See United States v. Williams*, 403 F.3d 1188,

---

[1]  18 U.S.C. § 922 (g) provides in relevant part:

It shall be unlawful for any person -
(5) who being an alien -
(A) is illegally or unlawfully in the United States;
. . . to ship or transport in interstate or Foreign commerce, or possess, in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

1195 (10th Cir. 2005) ("Proof that the gun was manufactured in California and possessed by [defendant] in Kansas is sufficient to establish the nexus with interstate commerce."); *United States v. Campbell*, 372 F.3d 1179, 1182 (10th Cir. 2004); *United States v. Dorris*, 236 F.3d 582, 584 (10th Cir. 2000); *see also United States v. Gourley*, 835 F.2d 249, 251 (10th Cir. 1987) (upholding similar illegal possession statute).  We are bound by these precedents.  *See United States v. Walling*, 936 F.2d 469, 472 (10th Cir. 1991) ("One panel of the court cannot overrule circuit precedent.").[2]

Instruction 25 complies with this authority.  It clarifies that the firearm must have "moved at some time from one state to another" as the requirement for satisfying § 922(g)'s interstate nexus element.  Our prior cases only require this showing.  The disputed portion of the jury instruction in this case, moreover, has been adopted by the Tenth Circuit Pattern Criminal Jury Instructions,[3] and similar

---

[2]  Nor does the Supreme Court's Commerce Clause case law require more. We recently revisited and rejected a Commerce Clause challenge to the interstate nexus requirement for felon-in-possession statutes.  *See United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006).

[3]  The relevant pattern instruction requires the government to prove that "the firearm had moved at some time from one state to another. . ."  Tenth Circuit Pattern Criminal Jury Instructions (No. 2.44) (2005 ed.).  While this pattern instruction is for 18 U.S.C. § 922(g)(1) *felon* in possession of a firearm charge, the same interstate commerce language from § 922(g) applies to Avila-Gonzalez's charged offense under § 922(g)(4) *alien* in possession of a firearm.

language has been approved by courts in other jurisdictions.[4] Because Avila-Gonzalez's requested jury instruction reflecting his theory of the case misstated the law, the district court did not abuse its discretion by denying the motion.

**II.**

Accordingly, we AFFIRM.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[4] *See United States v. Guidry*, 406 F.3d 314, 321 (5th Cir. 2005) (quoting jury instruction language, "that it [the firearm] had traveled at some time from one state to another. . ." for a § 922(g) offense).