HOLLOWAY, Circuit Judge,
dissenting:
I am not convinced that the district judge abused his discretion in declining to consider the evidence submitted by the government at the second sentence hearing. The majority does not fully address the grounds for the trial judge’s ruling, and I believe that the abuse of discretion standard of review requires us to do so. The majority acknowledges that “a court’s decision to limit the scope of re-sentencing is reviewed for abuse of discretion ...” Majority Opinion at 259. And “there are situations where it is appropriate to limit re-sentencing to the record as it stands.” Id. See United States v. Campbell, 372 F.3d 1179, 1183 (10th Cir.2004). Considering the grounds for the judge’s evidentiary ruling properly, I am convinced that the ruling should clearly be upheld. Accordingly, I respectfully dissent.
The excluded evidence is very succinctly summarized by the majority. As the summary shows, the excluded evidence told the basic story of the Defendant’s involvement in this substantial conspiracy, with the witnesses attempting to recall when the Defendant first became involved and what the extent of his involvement was. (The evidence is more fully detailed in the Brief of Appellant at pp. 27-32.)
It is important to focus on why it was only after remand from the first appeal that the government presented this evidence. The government conceded at the hearing below that it had not developed these facts with specificity at trial. United States v. Hopkins, 408 F.Supp.2d 1123, 1137 (D.Kan.2005). No challenge is raised to the sufficiency of the evidence to support the conviction. But as the prosecution must have known, the judge’s obligation to calculate drug quantity at sentencing, as part of the required relevant conduct analysis, required a more detailed evidentiary basis than was necessary to attain conviction. But the government was not prepared at the first sentencing hearing to present the witnesses that it presented at the second hearing, even though this was apparently the best evidence that the government had available to show the Defendant’s role in the conspiracy.[1]
The government chose instead to rely on the PSR rather than to present evidence at the first sentencing hearing, in spite of the fact that a key assumption made by the probation officer in the PSR (that Shane Wright had continued to produce methamphetamine for two months after his initial arrest in January 2000 at about *264 the same pace as before) had been challenged by Defendant’s objections to the PSR. Not only that, but the trial evidence on the point had apparently been conflicting, as our Order and Judgment in the first appeal quoted the trial judge as having said that the “more credible evidence at trial establish[ed] that ... after his arrest Shane Wright did not continue manufacturing methamphetamine at the same or similar levels as before the arrest.” This, it seems clear, was one basis (although not the only one) for the trial judge’s later finding that the government “knew or should have known the weight of evidence did not support the PSR’s assumption” on drug quantity. 408 F.Supp.2d at 1137 & n. 4. The majority does not purport to hold this finding to be clearly erroneous. Instead, the majority finds an abuse of discretion in the judge’s decision not to give the government a second chance to produce the evidence it should have known was necessary the first time around, and the majority does so without examining the government’s conduct.
The district judge found nothing “to show either diligence or a good faith reason for the government’s delay in making and pursuing” its objection to the PSR’s decision to calculate drug quantity only for the time period after January 26, 2000. Id. at 1137. As the majority notes, in the face of the facts that put the government on notice of the error in the assumption made in the PSR, the government “even initially argued on remand ... that the court should rely on ... erroneous calculations and findings in the PSR.” (Emphasis mine.) Having failed to address in any meaningful way the government’s derelictions at the first sentencing hearing, the majority notes without further comment the fact that the government continued to cling to its flawed position on the PSR’s critical error even after remand from the first appeal.
In sum, there is no basis for finding an abuse of discretion in the judge’s rejection of the evidentiary showing, especially since the trial judge’s reasoning has not been fully addressed, much less rebutted. It seems that the district court’s proposed findings, issued just hours before the first sentencing hearing, caught the government by surprise because of the unusual approach the judge took to calculating the drug quantity at that time. But it seems to me that the majority disregards the important fact that the government was on notice from the trial testimony (and other evidence referenced by the district judge in n. 4 of his Memorandum, 408 F.Supp.2d at 1137) and from the Defendant’s objections to the PSR that the PSR’s critical assumption was erroneous.[2]
Thus, the key point that the majority fails to address is that, at least in the view of the trial judge who was most familiar with the case, at the first hearing the government should have been prepared to present its evidence before the judge issued his proposed sentencing order which prompted the government to move, unsuccessfully, for a continuance. The government should have been prepared to do that because it knew or should have known that evidence from which the district court could properly make a calculation of the drug quantity to be attributed to the Defendant had not yet been adduced and that the PSR’s calculation had been based on a mistaken view of the evidence.
*265 The majority does not address the district court’s concern that the government did not show good cause for not being prepared to present its evidence at the first hearing. The government’s limited time to respond to the trial judge’s proposed findings and holdings at the first sentencing hearing does not provide any excuse for its failure to address the error in the PSR and to present the basic evidence that would support a drug quantity finding that it desired. This, as I understand it, was the real basis of the district judge’s ruling, and I do not see how that ruling can be deemed an abuse of his broad discretion. It seems to have been the district judge’s view that the government was willing to rely on a PSR that it knew was erroneous because it liked the result, and further that this less than praiseworthy conduct was exacerbated when the government continued to cling to that position in its first submission after remand.
Therefore, I cannot join in saying that “the government’s submission of evidence on remand was not a second bite at the apple or an unfair opportunity to make the record that it failed to make in the first instance.” It certainly ivas an attempt to make the record that it failed to make in the first instance. There is no showing that it was an abuse of discretion for the trial judge to conclude that it was an unfair opportunity which the government sought.
Accordingly I respectfully dissent.

. I am not aware of any suggestion that the government could not have presented these witnesses at the first hearing had it been prepared to do so. Moreover, as counsel for the government admitted at oral argument, the government did not tell the trial judge, at the first sentencing hearing, that it wanted a continuance so that it could introduce this testimony.

. That critical error, as described supra, was that Shane Wright had continued to manufacture methamphetamine for two months after his first arrest on January 26, 2000, at about the same rate that he had before.