FILED
United States Court of Appeals
Tenth Circuit

December 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JAVIER HERNANDEZ,

      Defendant–Appellant.

No. 09-3263
(D.C. No. 2:07-CR-20143-CM-4)
(D. Kan.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **BRISCOE**, **LUCERO**, and **HOLMES**, Circuit Judges.

      Javier Hernandez appeals his conviction and sentence after a jury found him guilty

of conspiring to distribute methamphetamine. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

**I**

      Hernandez was indicted on a single count of conspiracy to distribute and possess

with intent to distribute fifty grams or more of methamphetamine, in violation of 21

---

      * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

U.S.C. §§ 846 and 841(a)(1). He was tried with two codefendants in January 2009. At the close of the government's case, Hernandez unsuccessfully moved for a judgment of acquittal based on insufficiency of the evidence. The jury returned a verdict of guilty. Hernandez then moved for a new trial, again arguing that the evidence was insufficient, but the motion was denied. Hernandez also objected to a recommended two-level sentencing enhancement included in the Presentence Investigation Report ("PSR") for possession of a firearm. The court overruled his objection, and imposed a sentence at the bottom of Hernandez's Guidelines range: 151 months' imprisonment.

## II

On appeal, Hernandez renews his contention that the evidence was insufficient to support the verdict. We review the denial of a motion for a new trial for abuse of discretion. United States v. Zabriskie, 415 F.3d 1139, 1144 (10th Cir. 2005). We review the denial of a motion for acquittal de novo. United States v. Burkley, 513 F.3d 1183, 1190 (10th Cir. 2008). In both instances, we must determine whether a rational jury could have found Hernandez guilty when viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the government. See id.; Zabriskie, 415 F.3d at 1144.

"To prove conspiracy, the government must show [1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, [3] that the defendant knowingly and voluntarily became a part of it, and [4] that the alleged coconspirators were interdependent." United States v. Evans, 970

F.2d 663, 667 (10th Cir. 1992) (quotations omitted). Evidence adduced at trial was sufficient to prove conspiracy. The government presented testimony showing that Hernandez purchased between two and seven ounces of methamphetamine from a codefendant on multiple occasions in the summer of 2007. Hernandez then sold these drugs to other dealers. Further, the government showed that Hernandez delivered a motorcycle to a codefendant as partial payment for another drug dealer's debt to that codefendant.

An ordinary buyer-seller relationship, without more, is generally insufficient to establish a conspiracy to distribute. See United States v. McIntyre, 836 F.2d 467, 471 (10th Cir. 1987). But the purpose of this rule "is to separate consumers, who do not plan to redistribute drugs for profit, from street-level, mid-level, and other distributors, who do intend to redistribute drugs for profit, thereby furthering the objective of the conspiracy." United States v. Ivy, 83 F.3d 1266, 1285-86 (10th Cir. 1996). Hernandez's role as a mid-level dealer—that is, an individual who purchased drugs from a high-level dealer and distributed them to other dealers—plainly qualifies as conspiratorial under our circuit precedent. See United States v. Wright, 506 F.3d 1293, 1299 (10th Cir. 2007) ("The jury could easily infer from all the evidence that [the seller] was aware that [the buyer] was buying the drug in order to sell it for a profit. This buyer-seller relationship is patently an interdependent one."). Hernandez's delivery of a motorcycle in payment of another dealer's drug debt only cements this conclusion. See United States v. Hamilton, 587 F.3d 1199, 1208-11 (10th Cir. 2009) (collection of drug debt may be sufficient to show

membership in conspiracy).

Hernandez attempts to distinguish Wright and Hamilton by noting that in both cases the defendant was more thoroughly involved in the conspiracy than he was. But we have held that "[e]ven a single overt act by the defendant can be sufficient to connect him to the conspiracy if that act leads to a reasonable inference of intent to participate in an unlawful agreement or criminal enterprise." United States v. Pack, 773 F.2d 261, 266 (10th Cir. 1985). Hernandez also relies on Evans, 970 F.2d 663, a case in which we reversed the conspiracy conviction of a defendant who made a single purchase of drugs and lent scales to codefendants on a single occasion. Id. at 673. But Evans is inapposite for two reasons. First, there was no evidence that the defendant in Evans resold drugs, as did Hernandez. See id.; see also Wright, 506 F.3d at 1299. Second, the conviction in Evans was reversed because the evidence failed to show that the defendant engaged in the wide-ranging conspiracy that was charged. 970 F.2d at 673-74. The indictment in this case was far more modest, and the evidence was sufficient to show Hernandez's membership in the smaller conspiracy with which he was charged.

Evidence that Hernandez was a mid-level drug dealer who also assisted in drug-debt collection was sufficient to prove he conspired to distribute methamphetamine as alleged in the indictment.

**III**

Hernandez also challenges the district court's imposition of a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). In considering a

district court's application of the Guidelines, we review its legal interpretations de novo and its factual findings for clear error.  See United States v. Parker, 553 F.3d 1309, 1321 (10th Cir. 2009).

Under U.S.S.G. § 2D1.1(b)(1), two levels are added to certain drug crimes "[i]f a dangerous weapon (including a firearm) was possessed."  Id.  The Guidelines commentary states that this "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1(b)(1), app. n.3.  In United States v. Zavalza-Rodriguez, 379 F.3d 1182 (10th Cir. 2004), we set out the burden-shifting framework applicable to this provision:

> [T]he government has the initial burden of proving possession of a weapon for purposes of § 2D1.1(b)(1) by preponderance of the evidence.  This burden is met by establishing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.  Once the government satisfies this initial burden, the defendant may overcome it only if he establishes that it is clearly improbable that the weapon was connected with the offense.

Id. at 1184-85 (quotations and citation omitted).

The district court credited testimony that Hernandez carried a nine millimeter handgun during drug transactions.  This testimony satisfies the government's initial burden.  Hernandez does not establish that the district court's finding was clearly erroneous, nor does he attempt to show that it was "clearly improbable that the weapon was connected with the offense."  Id.

Hernandez does argue that the government did not prove that the gun he allegedly possessed traveled in interstate commerce.  But the government was not required to make

-5-

such a showing.  Hernandez confuses U.S.S.G. § 2K2.1, which enhances certain sentences if a defendant unlawfully possesses or distributes a firearm, with the relevant § 2D1.1(b)(1), which applies if the defendant possesses a firearm while committing a drug offense.  In <u>United States v. Campbell</u>, 372 F.3d 1179 (10th Cir. 2004), we reversed a sentence that included a §2K2.1 enhancement when the government conceded it could not prove that a firearm had traveled in interstate commerce and thus could not prove it was unlawfully possessed.  <u>Campbell</u>, 372 F.3d at 1182.  Although Hernandez attempts to rely on that case, it is irrelevant to the § 2D1.1 enhancement.

## IV

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge