**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ERIC RICHFIELD MAJORS,

     Defendant-Appellant.

No. 10-1141
(D.C. No. 1:07-CR-00471-JKL-01)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLLOWAY** and **O'BRIEN**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Eric Richfield Majors contests

two components of his sentence. Jurisdiction of this appeal is granted to this court by 28

U.S.C. § 1291, and our review is guided by 18 U.S.C. § 3742(e).

**I**

Mr. Majors and another were indicted on multiple counts of securities fraud, wire

fraud, and mail fraud. More than a year after his indictment, Mr. Majors pleaded guilty to

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

a single count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Because this appeal presents only limited sentencing issues, we need not delve into the underlying facts, which are quite complex. We note, for example, that a nearly forty-pages-long section of the Plea Agreement is devoted to setting out the factual basis for the guilty plea, facts to which both Mr. Majors and the prosecution stipulated.

After entry of the guilty plea, the probation office prepared a Presentence Investigation Report (PSR). Among other things, the PSR included calculation of the sentencing range under the advisory United States Sentencing Guidelines, and it recommended imprisonment for sixty months, the statutory maximum. The PSR also recommended that Mr. Majors participate in mental health treatment during his period of supervised release. After Mr. Majors had objected to that recommendation, it was changed (in an Addendum to the PSR) to a recommendation that Mr. Majors undergo a psychological evaluation as part of the period of supervised release following his imprisonment.

The PSR also addressed the matter of restitution to the Internal Revenue Service (IRS) for income taxes due for previous years. Even though Mr. Majors had admitted in his plea agreement that he would owe restitution to the IRS, the initial version of the PSR recommended no restitution because the amount owed was disputed and because the IRS is capable of enforcing tax liabilities on its own, without assistance from the Probation Office. Although the prosecution had objected to that recommendation, the subsequently issued Addendum also recommended that no restitution to the IRS be ordered as part of

the sentence.

At sentencing, the district judge resolved two disputed matters from the PSR, ones which are not at issue in this appeal. As to all other disputes between the parties regarding the PSR, the judge announced that he would not resolve those because those issues would have no bearing on his decisions. After hearing from counsel for both sides and from Mr. Majors, the judge pronounced sentence. In addition to the term of imprisonment already noted, the sentence included two components that are challenged before this court. First, the judge ordered Mr. Majors to participate in a program of mental health treatment as part of his three-year term of supervised release.[1] Second, the judge ordered Mr. Majors to pay restitution to the IRS in the amount of $39,301.17.[2]

## II

On appeal, Mr. Majors challenges the requirement that he undergo mental health treatment during his period of supervised release, and the requirement that he pay $39,301.17 in restitution to the IRS.

---

[1]This part of the judgment states:

> The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

[2]Mr. Majors was also ordered to pay restitution totaling approximately $146,000.00 to identified victims. That part of the judgment is not at issue in this appeal.

-3-

**A**

To decide the dispute about the mental health treatment requirement, we must first identify our standard of review. This in turn depends on whether the issue presented by Mr. Majors is characterized as one of procedural reasonableness or one of substantive reasonableness. This follows from two facts. First, Mr. Majors did not object at sentencing to the requirement (although as noted he had objected to the recommendation for treatment in the original PSR), and so he forfeited any issue of procedural unreasonableness. Second, when a sentence is challenged on the ground that it is procedurally unreasonable, we review forfeited issues only for plain error, *see United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir. 2007). But when the substantive reasonableness of a sentence is challenged "we do not require the defendant to object in order to preserve the issue," *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), so long as the defendant made the argument in the district court before sentence was pronounced, *see United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007), which Mr. Majors did in this case.

Mr. Majors declares that his challenge is substantive. He contends that "there was simply no evidence in the record to support the court's order for mental health treatment."[3] As Mr. Majors notes, we have held that "a challenge to the sufficiency of the

_____

[3]Opening Brief of Appellant Eric Majors at 12. In response to the government's argument that the alleged error is procedural, Mr. Majors offers this interesting observation: "This dispute appears to be rooted in the fact that the entry of a condition of supervised release without any evidentiary basis constitutes a procedural error that results

(continued...)

[18 U.S.C.] § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008). We agree that Mr. Majors' challenge does go primarily to the sufficiency of the justifications relied on by the district court and so implicates the substantive reasonableness of the sentence. Accordingly, our review is for abuse of discretion. *See Smart*, 518 F.3d at 805; *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).

The government's argument for plain error review is unpersuasive because the government does not respond to Mr. Majors' primary point: that under *Smart* a challenge to the sufficiency of the evidence to support a sentence is a substantive challenge. Instead, the government cites Mr. Majors' secondary arguments. In addition to the primary argument, Mr. Majors does assert that the district court failed to explain the conditions it imposed and failed to comply with Fed. R. Crim. P. 32(i)(3)(B). These are procedural issues, we recognize, but they are not the primary focus of Mr. Majors' appeal.

The district court is vested with the authority to include a requirement for mental health treatment in sentencing when appropriate to meet the sentencing goals set out in 18 U.S.C. § 3553(a). *See United States v. Barajas*, 331 F.3d 1141, 1144-45 (10th Cir. 2003) (noting authorization in 18 U.S.C. §§ 3563(b)(9) & 3583(d)). And the Guidelines recommend that the sentencing court include participation in a mental health program

[3](...continued)
in a substantively improper sentence." Corrected Reply Brief of Appellant Eric Majors at 2, n.1.

"[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment . . . ." U.S.S.G. § 5D1.3(d)(5). But it is an abuse of discretion to order psychological or psychiatric treatment when there is no evidence that it is necessary or would be helpful. *See United States v. Kent*, 209 F.3d 1073, 1077-78 (8th Cir. 2000).[4]

Mr. Majors in effect contends that there was no reason for the court to believe that he was in need of mental health treatment. In the "mental and emotional health" section of the PSR, the probation officer relays Mr. Majors' report that he has never had a mental illness and never been suicidal. He reported having had "situational depression" during the time he was participating in marital counseling, from 1998 to 2001. The probation officer made contact by telephone with the counselor who had provided that service. Mr. Majors objected to the PSR's account of the interview with the counselor, contending that the counselor's statements were not trustworthy for several reasons, including that eight years had lapsed since that counseling.

The district judge opted not to resolve the dispute about the counselor's statements, saying that doing so would not affect his sentencing decisions. Accordingly, we disregard that information in our review of the sufficiency of the court's justifications for requiring mental health treatment during the period of supervised release.

Similarly, Mr. Majors objected to the PSR's relay of information from one of his ex-wives. The district judge did not resolve that objection, so we assume that the judge

_____

[4]Our court has expressed agreement with *Kent* in an unpublished opinion. *United States v. Hopson*, 203 Fed. Appx. 230 (10th Cir. 2006).

likewise disregarded this part of the PSR.[5]

Mr. Majors contends that when the evidence not considered by the district judge is excluded, there is nothing left to support the mental health treatment requirement. The government offers little support for the district court's ruling because its brief focuses on the evidence that the judge specifically said that he would not consider, *i.e.*, the statements of the former marriage counselor and the former spouse. Other than that, the government can cite only unsupported speculation that he might have suffered a head injury in 1999 and Mr. Majors' statements that he had experienced "situational depression" during the dissolution of a marriage in the time frame of 1998 to 2001 and during this prosecution (which coincided with his present wife suffering from a life-threatening illness).

We find no other evidence to support the ruling. The evidence that exists is clearly insufficient, we hold. Indeed, Mr. Majors' description is accurate: There is nothing in this record to support the conclusion that reason exists to believe that Mr. Majors is in need of psychological or psychiatric treatment. Therefore, we reverse the imposition of this condition of supervised release and remand for re-sentencing.

---

[5]The government points out that Mr Majors specifically objected to paragraph 74 of the original PSR, in which the ex-wife opined regarding the commission of the offense. The government contends that the remarks pertinent to the ex-wife's opinion of Mr. Majors' mental health, which appeared in paragraph 73 of the PSR, should be included in our analysis.

We think that Mr. Majors' objection was intended to go to both paragraphs. The objection was to "inclusion of comments" from the ex-wife. III R. Pt. 2 at 187-88. We think the district judge likely understood this to pertain to all of her statements.

**B**

The other condition of supervised release that is challenged in this appeal is the requirement that Mr. Majors pay restitution to the IRS in the sum of $39,301.17. Again, Mr. Majors' primary argument is that the condition is not supported by any evidence that was presented to the district court. Mr. Majors acknowledged in his plea agreement that he owed income taxes for prior years and that the IRS would be entitled to restitution as a part of his sentence. However, he contends that the prosecution failed to provide evidence from which the district court could have determined the proper amount owed and that the specific figure ordered by the district court was based solely on a statement by the prosecuting attorney at the sentencing hearing.

Once again, the parties dispute the standard of review, but we need not resolve this dispute. The government, while arguing that review should be only for plain error, concedes that plain error was committed in this instance because the record shows no evidence whatsoever to support the amount of restitution ordered by the district court. The government concedes that we must therefore remand.

Thus, we must remand for re-sentencing.

**C**

The next question is the scope of our remand. Our basic rule is that when we remand for re-sentencing, the district court is to conduct a *de novo* proceeding which "*permits* the receipt of any relevant evidence the court could have heard at the first sentencing hearing." *United States v. Ortiz*, 25 F.3d 934, 935 (10th Cir. 1994) (emphasis

in original).  Under specific circumstances, however, we have exercised our discretion to limit the scope of the proceedings on remand, in particular in cases where the government had been alerted to deficiencies in its evidence but had nonetheless failed to produce sufficient evidence to carry its burden of proof on a sentencing factor.  *See United States v. Campbell*, 372 F.3d 1179, 1183 (10th Cir. 2004); *United States v. Forsythe*, 437 F.3d 960, 963-64 (10th Cir. 2005).

With respect to the element of the sentence requiring restitution to the IRS, Mr. Majors asks us to follow these last cited cases rather than allow the government a "second bite of the apple," *i.e.*, a second chance to produce evidence that it must have known would be necessary to support the restitution order.  The government asks us to permit it to introduce evidence on remand on the ground that it was only for "unknown reasons" that a report that was "apparently" prepared was not made a part of the record.

We conclude that it is better left to the district court to exercise its discretion by deciding whether to give the government another chance to produce evidence to support a restitution award to the IRS.  The record before us does not permit us to determine the reasons that prevented the government from producing the evidence in a timely manner.

Similarly, with respect to the condition of psychological treatment, our remand leaves further proceedings to the discretion of the district court.

The motion to withdraw by counsel for Mr. Majors is denied.  Mr. Majors' pro se motion to file supplemental argument is denied.  We are not obligated to consider pro se submissions from parties represented by counsel.

IT IS SO ORDERED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge