**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROY LYNN WESBERRY,

     Defendant - Appellant.

No. 17-7000
(D.C. No. 6:14-CR-00019-RAW-1)
(E.D. Okla.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
————————————————————

When sentencing Defendant Roy Wesberry, the United States District Court for

the Eastern District of Oklahoma imposed the following special condition of supervised

release:

> The defendant shall participate in a mental health treatment program
> approved by the United States Probation Office. The defendant shall
> comply with all treatment directives, including the taking of prescription
> medications as directed by a mental health professional, and shall remain in
> mental health treatment until released by the treatment staff and the United
> States Probation Officer and remain in the treatment facility until
> successfully discharged.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

R. Vol. 1 at 995.  Defendant appeals.  He did not challenge the condition in district court, but he now argues that the condition is unreasonable because it bears no relation to the goals of the United States Sentencing Guidelines and is thus an unlawful restraint on his liberty.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.  We hold that Defendant is not entitled to relief on plain-error review because imposition of the condition was not clearly contrary to governing precedent.

In October 2014 a jury found Defendant guilty on one count of conspiracy to commit bank fraud, *see* 18 U.S.C. § 1349, and four counts of bank fraud, *see* 18 U.S.C. § 1344.  The convictions arose out of actions involving the First National Bank of Davis, Oklahoma.  Working with the bank's president, Defendant took out a series of large loans in the names of others to borrow beyond the lending limit for a single individual and to deceive both the bank and regulators.  On August 12, 2015, he was sentenced to 87 months' imprisonment and three years of supervised release.  On appeal we affirmed his convictions on all counts but remanded for resentencing because of a Guidelines error.  *See United States v. Wesberry*, 656 F. App'x  895, 900 (10th Cir. 2016).  On December 20, 2016, the district court resentenced Defendant to 60 months' imprisonment and three years of supervised release.

As part of Defendant's original sentence, the district court imposed the special condition requiring him to participate in a mental-health treatment program that could include in-patient treatment.  In imposing this condition, the district court relied on "the information contained in the presentence report regarding mental health issues."  R., Vol. I at 965.  At resentencing, the district court did not revisit its original imposition of the

2

special condition and adopted the factual findings of the revised presentence report (PSR).

Both Defendant's original and final PSRs describe Defendant's medical condition: He was diagnosed with depression and was prescribed Valium, Lamotrigine, and Buproban for the condition; and he was prescribed Oxycodone and Tramadol (Defendant does not dispute that both drugs are opioids) to treat residual pain from various injuries, most notably a broken neck and facial burn he suffered while working. The final PSR—but not the original—stated that it "anticipates recommending the Court impose special conditions of supervised release to include . . . mental health aftercare" based on "information provided in the [PSR] regarding the nature of the offense and mental health issues." Revised PSR ¶ 60, Dist. Ct. Doc. 141.

Defendant concedes that he failed to challenge the condition in district court, so we review only for plain error. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). As we have explained:

> We will grant relief under the plain-error standard only if (1) the district court committed an error, (2) the error is clear at the time of the appeal, (3) the error affects substantial rights and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. An error is *clear* when it is contrary to well-settled law. For us to characterize a proposition of law as well-settled, we normally require precedent directly in point from the Supreme Court or our circuit or a consensus in the other circuits.

*United States v. Smith*, 815 F.3d 671, 675 (10th Cir. 2016) (citations omitted).

The considerations that govern what conditions of supervised release may be imposed on a defendant are set forth in 18 U.S.C. § 3583(d), which incorporates by

3

reference portions of 18 U.S.C. § 3553(a). As we have summarized the matter, the conditions of release must:

> (1) be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014). The Guidelines' policy statement recommends requiring participation in a mental-health program if a court has reason to believe the defendant is in need of psychological or psychiatric treatment, *see* USSG § 5D1.3(d)(5), but that reason "must be supported by particularized findings by the district court." *Bear*, 769 F.3d at 1230 (holding that commission of a sex crime is "generally" enough to "require an initial mental health assessment and treatment consistent with that assessment").

Defendant argues that not only does an in-patient treatment requirement have no reasonable relation to Defendant's crime (bank fraud), it also has no reasonable relation to a court's objective of providing a defendant "[w]ith needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). In his view the district court failed to give a particularized explanation for why medical care was "needed" since it relied solely on the PSR's conclusion, which itself provided no support for requiring in-patient treatment.

4

We are not persuaded.  The PSR noted Defendant's diagnosed depression and his various prescribed medications.  This medical history is a far cry from the situations in the two unpublished opinions relied on by Defendant to argue error.  In *United States v. Hopson*, 203 F. App'x 230, 232 (10th Cir. 2006), the defendant had "no history of alcohol or drug abuse" and the "Probation Officer ha[d] uncovered no additional information to suggest that the defendant is in need of treatment for substance abuse." And in *United States v. Majors*, 426 F. App'x 665, 668–69 (10th Cir. 2011), the probation officer noted that the defendant "has never had a mental illness and never been suicidal" and experienced only a brief period of "situational depression" eight years earlier when he participated in marital counseling.  In contrast, the district court's decision here was driven by the Probation Office's particularized findings about Defendant's mental-health condition and use of prescription medications.  Because there is no "well-settled" law supporting Defendant's challenge to the special condition, he is not entitled to relief in this appeal.  *Smith*, 815 F.3d at 675.

This is not to say that Defendant is wholly without remedies.  We note that 18 U.S.C. § 3583(e)(2) permits the district court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure."  The courts have generally permitted imposition of harsher conditions, however, only when there have been "new or unforeseen circumstances," *United States v. Smith*, 445 F.3d 713, 717 (3d Cir. 2006), and that requirement may also apply when making the conditions more lenient, *see United States v. Roberts*, 229 F. Appx. 172, 177

5

(3d Cir. 2007). Nonetheless, on or before the time Defendant is released from prison and the imposition of conditions of supervised release is imminent, there may be new information regarding his mental health that could justify a modification of the present condition. (Or the condition could be revised to make clear that the court is not improperly delegating authority to the probation office. *See Mike*, 632 F.3d at 695–96.) Such an as-applied request for modification is not foreclosed by our decision today. *See United States v. LeCompte*, 800 F.3d 1209, 1213–16 (10th Cir. 2015) (permitting as-applied challenge in context of revocation of supervised release).

We **AFFIRM** Defendant's sentence.

Entered for the Court

Harris L Hartz
Circuit Judge