[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11306

_____

D.C. Docket No. 2:15-cr-00075-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JAMES GILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2017)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Christopher Gill pleaded guilty to possession of a firearm by a felon, 18

U.S.C. § 922(g)(1), and was sentenced to 80 months in prison followed by three years supervised release. That sentence was within his guidelines range. He contends that the district court erred in calculating his guidelines range because, according to Gill, the government failed to show that his possession of one of the eight firearms he possessed was unlawful.

Section 2K2.1(b)(1)(B) of the United States Sentencing Guidelines directs district courts to increase by four levels the offense level of a defendant convicted of unlawful possession of a firearm if the offense involved eight to twenty-four firearms. If the offense involved three to seven firearms, the district court is to increase the offense level by only two levels. U.S.S.G. § 2K2.1(b)(1)(A). A two-level enhancement instead of a four-level one would have lowered Gill's guidelines range. As to whether a firearm is to be counted for enhancement purposes, one of the application notes to § 2K2.1 explains that the district court should "count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed . . . ." Id. § 2K2.1 cmt. n.5.

When the police searched Gill's home in April 2015, they found eight firearms. He does not dispute that the government proved that his possession was unlawful as to seven of the firearms, but he does contend that it failed to prove the unlawfulness of the eighth one. Gill argues that the government failed to show unlawfulness as to that firearm because it was manufactured in Florida and there

was no evidence that it had moved in interstate or foreign commerce.  His position is that a firearm must have a nexus with interstate or foreign commerce in order for possession of it by a felon to be unlawful under 18 U.S.C. § 922(g).  That is true, but by its terms application note 5 to § 2K2.1 requires only that Gill's possession of each pistol be "unlawful," not that it be unlawful under federal law. We agree with the Seventh Circuit that a firearm may be counted under § 2K2.1(b)(1) if state law prohibited the defendant from possessing it, even if federal law did not.  See United States v. Jones, 635 F.3d 909, 919–20 (7th Cir. 2011); cf. United States v. Griffith, 584 F.3d 1004, 1013 (10th Cir. 2009) (agreeing with four other circuits that conduct can be counted as relevant conduct under the sentencing guidelines if it is criminalized by state law).  A firearm that is illegal only under state law does not count for § 922(g) purposes, but it does count for sentencing purposes.

Florida law clearly prohibited Gill from possessing the eighth firearm (which was a Intratec pistol manufactured in Florida).  Fla. Stat. § 790.23(1) (prohibiting any person convicted of a felony to "own or to have in his or her care, custody, possession, or control any firearm") (emphasis added).  While it is true that the government did not argue in the district court that Gill's possession of the firearm was unlawful under Florida law, we can affirm the district court's judgment on any ground supported by the record — even if that ground was not considered or advanced in the district court.  Thomas v. Cooper Lighting, Inc., 506

3

F.3d 1361, 1364 (11th Cir. 2007).

Gill protests that the government was required to prove that he violated Florida law.  But Gill already admitted that he did by failing to object to the factual assertions in the PSR stating that he had a prior felony conviction and showing that he possessed eight weapons, including the Intratec pistol.  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).  As a result, everything necessary to support a determination that Gill's possession of the Intratec pistol was unlawful under Florida law was before the district court, except the Florida statute itself.  And the government was not required to prove the contents of Florida law.  See Gardner v. Collector of Customs, 73 U.S. (6 Wall.) 499, 508 (1867) ("The statute under consideration is a public statute . . . .  It is one of which the courts take judicial notice, without proof . . . ."); Thornton v. United States, 2 F.2d 561, 562 (5th Cir. 1924) ("It was not necessary that the indictment should plead the Georgia statutes, as it was the duty of the trial court to take judicial notice of them.").  The presence in the record of evidence showing Gill possessed the eighth firearm distinguishes this case from United States v. Washington, 714 F.3d 1358 (11th Cir. 2013) and United States v. Campbell, 372 F.3d 1179 (10th Cir. 2004).  In those cases, the factual record on appeal did not support the district court's decision to apply an enhancement.  Washington, 714 F.3d at 1362–63; Campbell, 372 F.3d. at 1182–83 & n.2.  Here it does.

On June 15, 2017, Gill filed a letter with the Court purporting to provide us with supplemental authority. In that letter, Gill belatedly argues that the government has not shown that his possession of the eighth firearm was unlawful under Florida law because, under Florida law, the facts alleged in the PSR were not sufficient to show that he possessed that firearm. We are not persuaded by Gill's new argument. There was more that linked Gill to the eighth firearm in this case than joint custody of the safe in which the gun was found. In the safe with the firearm in question were drugs that Gill admitted belonged to him, as well as six other firearms that Gill does not deny he possessed. Those facts distinguish this case from the Florida authorities cited by Gill in his supplemental letter brief and support the conclusion that he possessed the eighth firearm.

**AFFIRMED.**