[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10959
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00016-RAL-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRICK LORAY JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

The district court found that Darrick Loray Jackson had violated the terms of his supervised release by, among other things, possessing cocaine. The court revoked Jackson's supervised release and sentenced him to 18 months in prison. On appeal, Jackson argues that the district court improperly calculated his advisory Guidelines sentencing range by classifying his possession offense as a Grade B violation based on state law instead of a Grade C violation based on federal law. After reviewing the record and the parties' briefs, we affirm.

I.

Jackson was arrested in Florida for drunk driving, and police later discovered a baggie containing a small amount of cocaine in his car. At the time of his arrest on the state charges, Jackson was serving a term of supervised release as part of his federal sentence for possession with intent to distribute five or more grams of crack cocaine and possession of a firearm by a convicted felon.

At the supervised release revocation hearing, the district court found that Jackson had possessed cocaine as alleged in the probation officer's warrant petition, and that his drug possession, a third-degree felony in Florida, constituted a Grade B violation of the condition of his supervised release requiring that he not commit any further crimes. *See* Fla. Stat. Ann. § 893.13(6)(a); U.S.S.G. § 7B1.1(a)(2). Based on Jackson's criminal history category (VI) and the Grade B violation, the district court calculated a Guidelines range of 21–27 months'

imprisonment.  *See* U.S.S.G. § 7B1.4(a).  The court varied downward from the Guidelines range to a sentence of 18 months, however, based on the parties' representations that possession of cocaine for personal use was a misdemeanor—and therefore a Grade C violation that would have resulted in a Guidelines range of 8–14 months—under federal law.  *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a).

## II.

Jackson's sole argument on appeal is that the district court should have considered his possession of cocaine to be a Grade C violation corresponding to a misdemeanor offense under 21 U.S.C. § 844(a) because federal courts should apply federal law by default, and because his actual conduct—possession of a small amount of cocaine for personal use—is most appropriately treated as a misdemeanor, especially when the state has elected not to prosecute the offense. We review the district court's legal interpretation and application of the Sentencing Guidelines de novo.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

A plain reading of the applicable Sentencing Guidelines policy statement, U.S.S.G. § 7B1.1(b), runs contrary to Jackson's argument.  That section provides that when a violation of supervised release "includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  So far, our sister circuits have taken the Sentencing Commission at its word, interpreting this provision to require that when a

3

defendant's conduct constitutes both a state offense and a federal one, his supervised release violation should be classified according to the law that results in the most severe penalty. *See United States v. Brennick*, 337 F.3d 107, 110 (1st Cir. 2003) (per curiam); *United States v. Jolibois*, 294 F.3d 1110, 1113 (9th Cir. 2002); *see also United States v. Draper*, 768 F. App'x 828, 832 (10th Cir. 2019) (unpublished). But this Court has not yet weighed in on that issue in a published opinion, and there is no need to do so here.

That is because, contrary to the parties' representations in the district court, Jackson's possession of cocaine was "punishable by a term of imprisonment exceeding one year"—and thus constituted a Grade B violation—under either state or federal law. U.S.S.G. § 7B1.1(a)(2). As we noted above, possession of cocaine is a third-degree felony in Florida, which is punishable by up to five years' imprisonment. Fla. Stat. Ann. §§ 893.13(6)(a); 775.082(3)(e). Federal law provides that simple possession of a controlled substance is punishable by a term of imprisonment not to exceed one year, *unless* the defendant—like Jackson—has one or more prior drug convictions, in which case the maximum term of imprisonment increases to two years for a defendant with one prior conviction and up to three years for a defendant with two prior drug convictions. 21 U.S.C. § 844(a).

4

There is no dispute that Jackson had at least one relevant prior drug conviction at the time that he violated the conditions of his supervised release by possessing cocaine.  Indeed, one of the convictions that resulted in his supervised release was for possession with intent to distribute crack cocaine.  Jackson argues that we should not consider § 844(a)'s enhanced penalties because the government did not provide notice of its intent to rely on his prior convictions in the district court, as it would have been required to do if he were being sentenced as a recidivist for a violation of that statute.  *See* 21 U.S.C. § 851(a).  But he was sentenced for the violation of his conditions of supervised release, not for the drug offense itself.  And the grade of his violation depended on the maximum penalty that *could have* been imposed by statute if he had been prosecuted for the offense conduct, not on whether the government actually took the steps required to prosecute him.  *See United States v. Gardiner*, 955 F.2d 1492, 1498 n.11 (11th Cir. 1992) (the "use of the word 'punishable,' rather than 'punished,' mandates that the sentencing court must consider the statutory maximum sentence—not the actual sentence—for the underlying offense") (interpreting U.S.S.G. § 2J1.6(b) (1989)).[1]

---

[1] Where "the same language appears in two guidelines, it is generally presumed that the language bears the same meaning in both."  *United States v. Gordillo*, 920 F.3d 1292, 1299 (11th Cir. 2019) (citation omitted), *cert. denied*, No. 19-5434, 2019 WL 4923315 (U.S. Oct. 7, 2019) (mem.).

Because Jackson had at least one prior conviction for a drug offense, his possession of cocaine was conduct "punishable by a term of imprisonment exceeding one year" under federal law.  Accordingly, although its reasoning was slightly different, the district court correctly determined that Jackson's conduct constituted a Grade B violation of his supervised release, and correctly calculated his Guidelines range based on that determination.  We "can affirm the district court's judgment on any ground supported by the record—even if that ground was not considered or advanced in the district court." *United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017) (per curiam).

**AFFIRMED.**