[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14276

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODERICK CORLION PEARSON,
a.k.a. Bullet,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:07-cr-00072-RDP-SGC-1

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Roderick Pearson, proceeding with counsel, appeals the district court's order dismissing his 28 U.S.C. § 2255 claim and denying his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court deviated from our mandate, which ordered the district court to dismiss his 28 U.S.C. § 2255 claim on subject matter jurisdiction grounds, when it did not resentence him on remand. He also argues that the district court improperly analyzed his compassionate release claim under U.S.S.G. § 1B1.13 and that his sentencing disparity combined with his rehabilitation constituted an "extraordinary and compelling" reason warranting relief.

## I.

"[W]e review the district court's compliance with our mandate in a previous appeal *de novo*." *United States v. Crape*, 603 F.3d 1237, 1241 (11th Cir. 2010).

> [W]hen acting under an appellate court's mandate, a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

*United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007) (quotation marks omitted). Accordingly, the district court "must implement both the letter and spirit of the mandate" and consider our opinion and "the circumstances it embraces." *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001).

Here, we only vacated the district court's merits decision on the § 2255 claim, not the 2017 judgment, which remained unchanged even with the dismissal of his claim. The district court properly implemented our mandate when it declined to address Pearson's sentence and dismissed his successive § 2255 claim for lack of subjection matter jurisdiction.

## II.

A determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed *de novo*. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted). We liberally construe pleadings filed by *pro se* defendants. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). "[W]e can affirm the district court's judgment on any ground supported by the record—even if that ground was not

considered or advanced in the district court." *United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), that section now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied, which are: "support in the § 3553(a) factors,

extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence as the absence of even one forecloses a sentence reduction. *Id.*

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that "extraordinary and compelling" reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.*, comment. (n.1). The commentary lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling" reasons warranting a sentence reduction. *Id.*, comment. (n.1). A prisoner's rehabilitation is not, by itself, an "extraordinary and compelling" reason warranting a sentence reduction. *Id.*, comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an "extraordinary and compelling" reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A)

unless it would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. Notably, following the enactment of the First Step Act, § 1B1.13 continues to constrain a district court's ability to evaluate whether "extraordinary and compelling" reasons are present, and "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

Here, Pearson's argument that the district court improperly applied the policy statement in § 1B1.13 is foreclosed by our holding in *Bryant* that the policy statement is applicable to all motions filed under § 3582(c)(1)(A). Next, the district court had no discretion to determine what "other circumstances" may constitute an "extraordinary or compelling" reason for release. As a result, Pearson's arguments about his sentencing disparity, his rehabilitation, and the district court's failure to address those arguments also fail because the district court could not determine that those issues were "extraordinary and compelling."

**AFFIRMED.**