[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11379

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELIAS MALDONADO,
a.k.a. Gordo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:07-cr-00107-JA-GJK-3

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Elias Maldonado, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motions seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

## I.

In 2007, Maldonado pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 18 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Maldonado to 272 months' imprisonment followed by five years of supervised release.

Beginning in 2020, Maldonado, proceeding *pro se*, filed a series of motions seeking compassionate release.[1] He argued that extraordinary and compelling circumstances warranted a sentence reduction because he suffered from health conditions, including type 2 diabetes and hypertension, that put him at greater risk of developing a severe illness if he contracted COVID-19 while in prison and because he was serving a disproportionately long sentence. He urged that a sentence reduction was justified based on the

---

[1] When Maldonado filed the motions, his projected release date was November 2026.

sentencing factors set forth at 18 U.S.C. § 3553(a)[2] because he had taken steps to rehabilitate himself while in prison. He requested that the court reduce his sentence to time served.[3]

The government opposed Maldonado's motions. It raised several arguments about why the court should deny Maldonado's request for a sentence reduction including that he failed to exhaust his administrative remedies, he had not established that extraordinary and compelling circumstances warranted a sentence reduction, and the § 3553(a) factors did not support a reduction.

---

[2] Section 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

[3] In his motions, Maldonado also requested that, if the court decided not to reduce his sentence to time served, it direct that the remainder of his sentence be served on home confinement. Because Maldonado was proceeding *pro se*, we "construe [his] filings liberally." *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). We do not understand his motions, liberally construed, to say that he would accept home confinement as alternative relief in lieu of a sentence reduction.

The district court denied Maldonado's motions. He appealed. While this appeal was pending, the Bureau of Prisons placed Maldonado on home confinement.

## II.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *Id.* We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). "[W]e can affirm the district court's judgment on any ground supported by the record—even if that ground was not considered or advanced in the district court." *United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017).

## III.

A district court may grant a motion for a sentence reduction, if, after considering the § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement is found at U.S.S.G. § 1B1.13, and, under our precedent, a district court cannot reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262.

21-11379                Opinion of the Court                    5

The commentary to § 1B1.13 lists certain medical, age, and family reasons as circumstances that may qualify as sufficiently "extraordinary and compelling." U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). As relevant here, a non-terminal medical condition may be grounds for a sentence reduction only if it substantially diminishes a prisoner's ability to provide self-care in custody and the prisoner is not expected to recover. *Id.*, cmt. n.1(A). Although the commentary also authorizes relief for "other reasons," *id.*, cmt. n.1(D), we have held that these other reasons must be determined by the Bureau of Prisons, not the courts. *See Bryant*, 996 F.3d at 1262–65. In other words, a district court lacks discretion to develop other reasons outside those listed in § 1B1.13. *Id.*

Here, the district court did not err in denying Maldonado's motions.[4] None of his arguments for relief falls within any of the

---

[4] The government argues that we lack jurisdiction to reach the merits of Maldonado's appeal because it became moot when the Bureau of Prisons placed Maldonado on home confinement. A case becomes moot on appeal and must be dismissed "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the . . . appellant meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Even though Maldonado is now on home confinement, we cannot say that this appeal is moot. Although his placement on home confinement provided him with *some* of the relief he sought because he no longer is being held in prison, he has not received *all* the relief he sought. He still must serve the remainder of his sentence, meaning he will be on home confinement until about 2026. At that point, he will then have to complete a five-year term of supervised release. If he prevailed in this appeal, however, and his sentence

reasons that § 1B1.13 identifies as extraordinary and compelling. He argues that his medical condition and COVID-19 created an extraordinary and compelling reason for a sentence reduction, but because there is no allegation or evidence that he has a terminal illness or could not care for himself in prison, his medical concerns do not constitute an extraordinary and compelling reason under § 1B1.13. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)

Maldonado also asserts that an extraordinary and compelling circumstance exists because his sentence was disproportionately long. In making this argument, he appears to rely on § 1B1.13's catch-all provision. But we have held that only the Bureau of Prisons, not a district court, can rely on this provision to expand the reasons for a reduction. *See Bryant*, 996 F.3d at 1262–65. Here, the Bureau of Prisons made no determination that extraordinary and compelling circumstances were present.

Because no extraordinary and compelling circumstances were present here, the district court did not err in denying Maldonado's motions for a sentence reduction.

---

was then reduced to time served, he would no longer be on home confinement and would begin serving his five-year term of supervised release immediately. Given the possibility that Maldonado could receive effective relief, the appeal is not moot, and we will address the merits. *See United States v. Martinez*, Nos. 20-1983, 20-2809, 2022 WL 200329, at *2 (2d Cir. Jan. 24, 2022) (unpublished) (recognizing that prisoner's appeal of denial of compassionate release motion was not moot even though he had been moved to home confinement "because he can still be relieved of his term of home confinement").

21-11379                Opinion of the Court                7

**AFFIRMED.**