[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11492

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY BERNARD CANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00016-RH-MAF-1

_____

Before ROSENBAUM, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Anthony Cannon appeals his 336-month sentence for production of child pornography. For the first time on appeal, Cannon challenges the district court's application of a four-level increase under U.S.S.G. § 2G2.1(b)(2)(B) for the commission of a sexual act by threats and force. Cannon argues that (1) the increase applies only when threats are used to coerce a sex act and (2) here, the threats were made after the sexual act and were used to coerce the victim's silence. After careful review, we hold that the district court did not plainly err in applying the four-level increase under U.S.S.G. § 2G2.1(b)(2)(B). We thus affirm Cannon's sentence.

## I.     FACTUAL AND PROCEDURAL HISTORY

### A.     Cannon's Crime and the Investigation

On July 1, 2019, Captain Cox with the Decatur County Sheriff's Office ("DCSO") was assisting a disabled vehicle. During that time, a Chevrolet Impala drove past at a high rate of speed, veered off the road into a ditch, almost hit Captain Cox, and then corrected back onto the road. Captain Cox entered his patrol car and chased the Impala until the Impala stopped, and the driver fled on foot into a wooded area.

When DCSO officers were unable to locate the driver, DCSO Investigator Edmond tried to find information about him by searching the vehicle. Inside the Impala, Investigator Edmond

found documents related to "Anthony Bernard Cannon" and a cellphone.

DCSO Investigator Kelly examined the data on the phone and generated a forensic report of all the available data located on the device. Investigator Edmond reviewed the forensic report and discovered a video showing a nude female in the front seat of the Impala engaging in sexual acts with a male. Officers later identified the male as Cannon and the female as Cannon's stepdaughter Y.T., who was 14 years old at the time of the video.

The video shows the following. Cannon was naked from the waist down in the front driver's seat of the vehicle. Y.T. had her hand around Cannon's penis. Cannon instructed Y.T. to "get it wet" and counted down "as if talking to a child in time out." When Cannon reached "one," Y.T. appeared to rub saliva on Cannon's penis. Cannon gave Y.T. more instructions, called her a "bitch," and told Y.T. to "say you love it." Y.T. said, "I love it," and Cannon then told her to "get on it." Cannon and Y.T. then engaged in sexual intercourse.

After Cannon raped Y.T., she returned to the front passenger seat and began to put her clothes back on. As Y.T. dressed, Cannon said, "give me my mutha fucking knife," and threatened to kill and stab Y.T. if she said "anything to [her] Momma." Cannon made Y.T. state that he would kill her, stabbed Y.T.'s hand with the knife, and said, "don't you tell your Momma no shit like that again, that little poke right there gonna be worse than that." Y.T. promised she would not say anything.

DCSO investigators accessed the Facebook page of Cannon's wife and saw a picture of a young female who appeared to be the child from the video. Investigators then went to the home of Cannon's wife and showed the video to her and her daughter, Y.T. Y.T. confirmed she was the girl in the video "which showed [Cannon] forcing her to have sex with him." Y.T. also identified the phone as belonging to Cannon and took investigators to the location where the rape happened in Gadsden County, Florida.

The Department of Homeland Security's investigation confirmed that the video was created on September 30, 2018, and the cellphone was manufactured outside the United States.

## B.    Course of the Proceedings

Cannon pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251 (a) and (e).

The probation officer prepared a presentence investigation report ("PSR"), which recommended a base offense level of 32. The PSR also recommended that the district court increase the offense level by (1) two levels under U.S.S.G. § 2G2.1(b)(1)(B) for a victim between the ages of 12 and 16; (2) four levels under U.S.S.G. § 2G2.1(b)(2)(B) for the commission of a sexual act and "conduct described in 18 U.S.C. § 2241(a) or (b)"; and (3) two levels under U.S.S.G. § 2G2.1(b)(5) for Cannon having supervisory control over Y.T., his stepdaughter. Thus, the adjusted offense level was 40.

The PSR recommended that the district court apply a five-level increase for "a pattern of activity involving prohibited

sexual conduct" under § 4B1.5(b)(1) based on Cannon's previous attempts to engage in sexual conduct with Y.T. and her younger sister, K.J. The PSR stated that Cannon was "a repeat and dangerous sex offender against minors" because he had attempted to remove Y.T.'s pants, and K.J. said Cannon touched her private parts over her clothing and attempted to pull her pants down. With this five-level increase, the offense level increased to 45.

The PSR recommended that the offense level be decreased by (1) two levels for acceptance of responsibility and (2) one level for timely acceptance of responsibility. Thus, the total offense level was 42.

Cannon received a criminal history score of 12 points, resulting in a criminal history category of V. Cannon's advisory guidelines range was 360 months to life imprisonment. However, Cannon's offense carried a statutory maximum term of 30 years' imprisonment. 18 U.S.C. § 2251(e).

In a motion, Cannon objected to the pattern-of-activity enhancement of five levels. At sentencing, the district court acknowledged that objection and solicited other objections to the PSR's calculation of the advisory guidelines range. Neither party objected. So the district court proceeded to consider Cannon's objection to the pattern-of-activity enhancement.

After hearing argument from counsel and audio recordings of interviews with Y.T. and K.J., the district court sustained Cannon's objection and disallowed the pattern-of-activity

enhancement. That ruling lowered Cannon's offense level to 37. Cannon's advisory guidelines range became 324 to 360 months' imprisonment.

On the record, the district court stated that it found the PSR was accurate, with the exception of its recommendation on the pattern-of-activity enhancement. In the written judgment containing the sentence, the district court also adopted the PSR, except for the one change about the pattern-of-activity enhancement.

The district court sentenced Cannon to 336 months' imprisonment, followed by supervised release for life. Neither party objected to the sentence when the district court solicited objections.

## II.    STANDARD OF REVIEW

When, as here, the defendant challenges a guidelines calculation for the first time on appeal, we review only for plain error. *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995). Under plain error review, the defendant must show: (1) an error occurred; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). An "error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *United States v.*

*Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (quotation marks omitted).

## III.    DISCUSSION

Cannon appeals the district court's application of the four-level increase under U.S.S.G. § 2G2.1(b)(2)(B).  Specifically, Cannon argues that this increase applies only when threats are used to coerce a sexual act, and here, the threats were made after the sexual act and were used to coerce the victim's silence.  He raises this objection for the first time on appeal.

Section 2G2.1(b)(2)(B) provides that a four-level increase to a defendant's base offense level should be imposed when the offense involves "(i) the commission of a sexual act; and (ii) conduct described in 18 U.S.C. § 2241(a) or (b)."  U.S.S.G. § 2G2.1(b)(2)(B).  Only the second element—conduct described in 18 U.S.C. § 2241(a) or (b)—is at issue in this appeal.[1]

---

[1] Section 2241(a) and (b) provide:

> (a)    **By force or threat.** –Whoever . . . knowingly causes another person to engage in a sexual act—
>> (1) by using force against that other person; or
>> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any terms of years or life, or both.
>
> (b)    **By other means.** –Whoever . . . knowingly—

The application notes for U.S.S.G. § 2G2.1(b)(2)(B) define "conduct described in 18 U.S.C. § 2241(a) or (b)" as:

> (i) using force against the minor; (ii) threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping; (iii) rendering the minor unconscious; or (iv) administering by force or threat of force, or without the knowledge or permission of the minor, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the minor to appraise or control conduct.

*Id.*, cmt. n.2.

Here, the district court did not plainly err in determining that Cannon used force against Y.T. such that the four-level increase was appropriate. We recognize (1) the PSR recommended the increase based on Cannon's threats to kill and stab Y.T. to

---

(1) renders another person unconscious and thereby engages in a sexual act with that other person; or

(2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby—

    (A) substantially impairs the ability of that other person to appraise or control conduct; and

    (B) engages in a sexual act with that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

coerce her silence *after* he raped her and (2) the district court adopted the PSR (with the exception of the pattern-of-activity enhancement, which is not relevant here). However, that PSR, adopted by the district court, also contained unobjected-to facts about what Cannon did and said before and during his rape of Y.T.

The undisputed facts are that before Cannon raped Y.T., he: (1) instructed Y.T. to "get it wet" and "get on it"; (2) called Y.T. a "bitch"; and (3) counted down as if to a child in time out. Further, paragraph 24 of the PSR, to which there was no objection, stated that the video showed Cannon "forcing" Y.T. to have sex with him and that Cannon committed a "rape." All this undisputed conduct together patently constitutes both using force against and threatening Y.T.—either of which satisfies the second element of U.S.S.G. § 2G2.1(b)(2)(B).[2] As a result, everything necessary to support the application of the four-level increase was before the district court.

Because we conclude Cannon's undisputed conduct before and during the rape supported the district court's application of the U.S.S.G. § 2G2.1(b)(2)(B) four-level increase, we need not, and do

---

[2] We also need not address Cannon's claim that we cannot defer to U.S.S.G. § 2G2.1(b)(2)(B)'s commentary because it eliminates the causation requirement in 18 U.S.C. § 2241(a). Cannon's conduct before and during the rape satisfies the causation requirement in § 2241(a) that is omitted from U.S.S.G. § 2G2.1(b)(2)(B)'s commentary. So we would reach the same result even if we ignored the commentary and focused only on § 2241(a).

not, resolve whether his conduct afterward could also support application of the increase. *See United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017) ("[W]e can affirm the district court's judgment on any ground supported by the record—even if that ground was not considered or advanced in the district court.").

At a minimum, Cannon has not carried his burden to establish plain error on appeal.

## IV.    CONCLUSION

For these reasons, we conclude the district court did not plainly err in applying the increase under U.S.S.G. § 2G2.1(b)(2)(B). We affirm Cannon's 336-month sentence.

**AFFIRMED.**