[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14267

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL SCOTT CROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14035-JEM-1

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Crow appeals his sentence of 360 months' imprisonment for enticement of a minor to engage in sexual activity and production of child pornography. Crow asserts several issues on appeal, which we address in turn. After review,[1] we affirm in part, and vacate and remand for resentencing in part.

## I. DISCUSSION

### A. Grouping of Counts

Crow contends the district court erred in failing to group his counts together when calculating his guideline range, because his counts involved substantially the same harm under U.S.S.G. § 3D1.2. The Government concedes error on this issue.

Offenses "shall be grouped" for guideline offense level calculation purposes when they "involve substantially the same harm." U.S.S.G. § 3D1.2. The Guidelines list four circumstances where counts involve "substantially the same harm":

---

[1] When reviewing the district court's findings with respect to Guidelines issues, we consider legal issues *de novo*, factual findings for clear error, and the court's application of the Guidelines to the facts with due deference, which is akin to clear error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). In order to be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed." *Id*. (quotation marks omitted).

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

(d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

*Id.* Subsection (d) specifically precludes the grouping of a "production of child pornography" offense under that subsection. *Id.* However, offenses need only meet the criteria of one subsection of § 3D1.2 to qualify for grouping as "substantially the same harm." *See id.* § 3D1.2(d) ("Exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection").

The district court erred in failing to group Crow's counts. *See United States v. Nagel*, 835 F.3d 1371, 1374 (11th Cir. 2016) (reviewing the district court's decisions regarding grouping *de novo*). The conduct embodying Crow's enticement offense was used to apply a specific offense characteristic enhancement to his

production offense.  Namely, Crow's production of child pornography "involved the use of a computer [to] persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct."  This enhancement placed Crow's counts squarely within § 3D1.2(c), which requires grouping "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in . . . another of the counts."  U.S.S.G. § 3D1.2(c).  Thus, the court erred in failing to group Crow's offenses, and we vacate and remand for resentencing as to this issue.

## B.  Pattern of Activity Enhancement

Crow asserts the court erred in applying a five-level enhancement for a "pattern of activity involving prohibited sexual conduct" under U.S.S.G. § 4B1.5, because the court sustained the pattern enhancement on facts that were not sufficiently proven at the sentencing hearing.

Under § 4B1.5, the district court applies a five-level enhancement when the defendant engaged in a "pattern of activity involving prohibited sexual conduct."  U.S.S.G. § 4B1.5(b)(1). For purposes of § 4B1.5, "prohibited sexual conduct" includes, among other things, "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)" and "the production of child pornography."  U.S.S.G. § 4B1.5, comment. (n.4(A)).[2]  It does not include receipt or possession of

---

[2]Deferral to the Guidelines commentary is necessary only if the text of the Guidelines is ambiguous.  *United States v. Dupree*, 57 F.4th 1269, 1275-77 (11th Cir. 2023) (*en banc*).

child pornography.  *Id.*  Section 2426(b)(1)(A) cross-references to offenses contained in chapter 117, which includes enticement of a minor under 18 U.S.C. § 2422(b).  18 U.S.C. § 2426(b)(1)(A).

A defendant engaged in a "pattern" under § 4B1.5 if he engaged in such conduct "on at least two separate occasions."  *Id.* § 4B1.5, comment. (n.4(B)(i)).  "[R]epeated prohibited sexual conduct with a single victim may qualify as a 'pattern of activity' for purposes of § 4B1.5(b)(1)."  *United States v. Fox*, 926 F.3d 1275, 1279 (11th Cir. 2019).  But "separate occasions" requires events that are "independent and distinguishable" from one another.  *Id.* at 1280. Noncontinuous instances of prohibited sexual conduct that occur on different days constitute "separate occasions."  *United States v. Isaac*, 987 F.3d 980, 994 (11th Cir. 2021).

The Government did not put forth "sufficient and reliable" evidence at the sentencing hearing in support of any facts sustaining the pattern enhancement.  *See United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013) ("When the government seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection, it has the burden of introducing 'sufficient and reliable' evidence to prove the necessary facts by a preponderance of the evidence.").  Because Crow made a factual objection to the enhancement, the record to be considered was limited to Crow's factual proffer, which admitted to only a single sexual encounter involving oral sex with Victim 1 on May 22, 2020. The Government's assertion of facts at the sentencing hearing beyond those contained in the factual proffer, absent additional

supporting evidence, could not be relied upon by the district court. *See id.* ("[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on."). The district court stated the support for the enhancement was provided "based on what [Victim 1] said," suggesting that it relied upon every statement by or about Victim 1 contained in the PSI when imposing the enhancement, despite Crow's factual objections. The court relied upon insufficiently proven evidence when it sustained Crow's pattern enhancement based upon the "separation in time of the various relationships with Victim 1."

However, the facts contained in Crow's factual proffer are sufficient to sustain his pattern enhancement. *See United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017) (explaining we may affirm on any ground supported by the record, regardless of whether the district court considered or relied upon that ground below). Crow concedes in his factual proffer that he engaged in oral sex with Victim 1 on May 22, 2020, and that he produced child pornography when he filmed that sexual encounter. He further concedes that at unidentified points prior to his May 22 meeting with Victim 1, Crow requested naked photos and videos from Victim 1 and made plans with Victim 1 to meet and engage in sexual acts. Between his requests for illicit images from Victim 1 and his formulation of plans to meet up with Victim 1 for sex, Crow engaged in enticement prohibited by 18 U.S.C. § 2422(b), which qualifies as "prohibited sexual conduct" under the commentary to § 4B1.5. This conduct occurred on a different day than his production of child

pornography on May 22, constituting distinct, "separate occasions" sufficient to establish a pattern under § 4B1.5. *See Fox*, 926 F.3d at 1279; *Isaac*, 987 F.3d at 994. Thus, while the district court sustained Crow's enhancement on insufficiently proven factual allegations, the existing and undisputed record supports the enhancement on alternative grounds. Thus, we affirm as to this issue.

## C. *Distribution Enhancement*

Crow also argues the court erred in applying a two-level enhancement for "distribution" of child pornography under U.S.S.G. § 2G2.1(b)(3), because his sending of a video from his phone to Victim 1's phone did not constitute "distribution."

The Sentencing Guidelines provide for a two-level enhancement when a defendant "knowingly engaged in distribution" of child pornography. U.S.S.G. § 2G2.1(b)(3). The commentary to the Guidelines provides that:

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

*Id.* § 2G2.1, comment. (n.1(A)). We have stated "distribute" ordinarily means "to deliver, give out, dispense, or disperse to others." *United States v. Grzybowicz*, 747 F.3d 1296, 1307 (11th Cir. 2014) (holding a defendant did not engage in a "distribution" of child

pornography under 18 U.S.C. § 2252A(a) when he sent four images of child pornography from his cellphone to his personal email account, because the images were not transferred "to others"). Moreover, distribution impliedly involves "deliver[y] to someone other than the person who does the delivering." *Id.* at 1307-08.

The district court did not clearly err in imposing the distribution enhancement under § 2G2.1. By airdropping a video from his cell phone to Victim 1's cell phone, Crow delivered, gave out, dispersed, or dispensed that video to another. *See id.* at 1307. While Crow asserts Victim 1, presumably by virtue of her inclusion in the video, does not constitute another person to whom Crow could "distribute" the video, Crow provides no argument or legal authority as to why Victim 1 should not constitute an "other" for purposes of determining whether he engaged in a distribution. Thus, because airdropping a video to another's cell phone is a "deliver[y]" to another, the court did not clearly err in applying a two-level enhancement for Crow's distribution. Accordingly, we affirm as to this issue.

### D. Use of Computer Enhancement

Crow asserts the court erred in applying a two-level enhancement for "use of a computer" pursuant to U.S.S.G. § 2G2.1(b)(6)(B), because an iPhone is not a "computer" as intended in the Guidelines.

Section 2G2.1 provides for a two-level enhancement when, as part of a defendant's production of child pornography, the offense involved:

> the use of a computer or an interactive computer ser-
> vice to (i) persuade, induce, entice, coerce, or facili-
> tate the travel of, a minor to engage in sexually ex-
> plicit conduct, or to otherwise solicit participation by
> a minor in such conduct; or (ii) solicit participation
> with a minor in sexually explicit conduct . . . .

U.S.S.G. § 2G2.1(b)(6).  The Guidelines Commentary cross-refer-ences to 18 U.S.C. § 1030(e)(1), which defines "computer" as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions."  18 U.S.C. § 1030(e)(1) (cited in U.S.S.G. § 2G2.1, comment. (n.1)).  We have previously held a defendant's use of a cell phone constitutes the use of a computer as defined by 18 U.S.C. § 1030(e)(1).  *United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014), *abrogated on other grounds by Lockhart v. United States*, 577 U.S. 347 (2016)).

The court did not clearly err in applying a two-level enhance-ment for "use of a computer."  Crow's iPhone possessed much of the functionality of a typical computer, and he used it as such: send-ing and receiving messages over the internet, booking a hotel room, and filming and distributing a video.  Thus, Crow's use of an iPhone falls within the unambiguous, plain reading of "use of a computer" as it appears in § 2G2.1(b)(6).  Accordingly, we affirm as to this issue.

## E.  *Downward variance*

Crow lastly argues the court abused its discretion in denying a downward variance, because the facts and circumstances of his

case place it outside the heartland of cases for which the Sentencing Guidelines were intended to apply.  Because our vacatur and remand of Crow's sentence under Issue I will result in a new sentencing hearing under a new Guidelines range, we do not address the merits of the district court's denial of a downward variance.

## II.  CONCLUSION

We affirm the district court's imposition of enhancements for pattern of activity, distribution, and use of a computer.  We vacate and remand for resentencing because the district court erred in failing to group Crow's counts, and decline to address the denial of a downward variance.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**